■ ELIZABETH FINK, Respondent, v CITY OF NEW YORK, Respondent, and COFIRE PAVING CORPORATION, Appellant. [839 NYS2d 198]—

In an action to recover damages for personal injuries, the defendant Cofire Paving Corporation appeals from an order of the Supreme Court, Kings County (Solomon, J.), dated October 20, 2006, which denied its motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff allegedly was injured when she tripped and fell in a hole in a crosswalk at the intersection of Plaza Street and Vanderbilt Avenue in Brooklyn. On its motion for summary judgment, the defendant Cofire Paving Corporation (hereinafter Cofire) established its prima facie entitlement to judgment as a matter of law by demonstrating that the road milling work in which it had engaged at that location had concluded approximately four months earlier and that the defendant City of New York had repaved the area shortly thereafter. In support of its motion, however, Cofire also submitted the deposition testimony of a witness who had observed the operator of a milling machine, while engaged in milling, remove a metal cover from the roadway and discard it in a tree well on the other side of the street—a fact that Cofire disputes—where it was still located at the time of the plaintiff's accident. In opposition, the plaintiff submitted the affidavit of an expert stating that the failure to replace the metal cover would lead the roadway to disintegrate as a result of passing traffic and cause the hole. On the basis of this expert affidavit and the deposition testimony submitted by Cofire, the plaintiff raised triable issues of fact as to whether Cofire had negligently removed the metal plate and, if so, whether such negligence was a proximate cause of the plaintiff's injuries. The Supreme Court therefore properly

denied Cofire's motion for summary judgment dismissing the complaint and cross claims insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Derdiarian v Felix Contr. Corp.*, 51 NY2d 308, 314 [1980]). Spolzino, J.P., Ritter, Lifson and Angiolillo, JJ., concur.